IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MORRIS COE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:18-CV-1761-L** |
| | § | |
| **DITECH FINANCIAL, LLC,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand (Doc. 3), filed July 16, 2018. Having considered the motion, pleadings, record in this case, and applicable law, the court **denies** Plaintiff's Motion to Remand (Doc. 3).

### I.  Factual and Procedural Background

Plaintiff Morris Coe ("Coe" or "Plaintiff"), who is proceeding pro se, originally filed this action in state court on June 27, 2018, against Defendant Ditech Financial, LLC ("Defendant" or "Ditech") to quiet title in his name to property described as "BEING LOT 14. BLOCK A OF REPLAT EAGLE DOWNS, PHASE II, AN ADDITION TO THE CITY OF DESOTO, DALLAS COUNTY, TEXAS. ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 90131, PAGE 2728, MAP RECORDS, DALLAS COUNTY, TEXAS." Pl.'s Orig. Pet. to Quiet Title Automatic Stay Under R. 736.11 at 3. Defendant removed the action to federal court on July 6, 2018, based on diversity jurisdiction. In its Notice of Removal, Defendant alleges that complete diversity of citizenship exists and removal is proper because Ditech is a citizen of Delaware and Pennsylvania, and Plaintiff acknowledges in his pleadings that he is a citizen of Texas. Regarding

**Memorandum Opinion and Order – Page 1**

its own citizenship, Defendant includes the following facts in its Notice of Removal regarding the citizenship of its members:

> Ditech Financial LLC is a Delaware limited liability company with its principal office located in Fort Washington, Pennsylvania. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008). The members of Ditech Financial LLC are Walter Management Holding Company LLC, a Delaware limited liability company with its principal office in Fort Washington, Pennsylvania and Green Tree Servicing Corp., a Delaware corporation with its principal office in Fort Washington, Pennsylvania. The sole member of Walter Management Holding Company LLC is Green Tree Credit Solutions LLC which is a Delaware corporation with its principal office in Fort Washington, Pennsylvania. The sole member of Green Tree Credit Solutions LLC is Ditech Holding Corporation. Ditech Holding Corporation is a Maryland Corporation with its principal place of business in Fort Washington, Pennsylvania. Thus, for diversity purposes, Ditech is considered a citizen of Maryland, Delaware and Pennsylvania.

Def.'s Notice of Removal ¶ 8. Defendant asserts that the amount in controversy is satisfied because the object of Plaintiff's lawsuit is to protect his rights to his property, and the fair market value of the property, according to the Dallas Appraisal District, is $217,730. *Id*. ¶¶ 10-12 & Ex. B.

Plaintiff contends in his Motion to Remand that diversity of citizenship is lacking because he and Defendant are both citizens of Texas, and no federal question is at issue to support jurisdiction. He also contends that removal of the action was improper because: (1) the state case was stayed under Texas Rule of Civil Procedure 736.11 and Rule 736.11 only arises under state law; (2) state law regarding wrongful foreclosure, eviction, and application of Rule 736.11 predominate such that the court should defer from exercising jurisdiction over the action based on principles of comity, the *Younger* Abstention doctrine, and the *Rooker-Feldman* Doctrine. In addition, Plaintiff asserts that he is entitled to recover attorney's fees as a result of the improper removal.

## II. Subject Matter Jurisdiction Based on Diversity

A federal court has subject matter jurisdiction over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. § 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*,

408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted). Such failure, however, is a procedural defect and may be cured by filing an amended notice. *Id.* n.4.

A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and 'residence' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798

(citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). The citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted). A corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). In defining or explaining the meaning of the term "principal place of business," the Supreme Court stated:

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, [that is], the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (citation omitted). St*. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995).

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554. Further, "[e]vidence

establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

In a removed case, when the complaint does not state a specific amount of damages and the allegations are challenged by the plaintiff or questioned by the court, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. In such cases, "[t]he preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (footnotes omitted). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *St. Paul Reinsurance*, 134 F.3d at 1253 n.13. As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Id.* at 1253. If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish "to a legal certainty" that his recovery will not exceed the jurisdictional threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St.*

*Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

## III. Discussion

As noted, Defendant's Notice of Removal includes allegations and evidence, which together establish that there is complete diversity of citizenship between the parties and the amount in controversy is satisfied. Defendant has, therefore, met its burden of showing that the court has subject matter jurisdiction. Plaintiff's Motion to Remand, on the other hand, includes no facts or evidence to rebut the jurisdictional matters established by Defendant's Notice of Removal. Plaintiff's motion, instead, consists of unsupported conclusory assertions and legal arguments that are not relevant to whether the court has subject matter jurisdiction in this case based on diversity. Accordingly, the court will deny the Motion to Remand. Further, as Coe is proceeding pro se and is not an attorney, he is not entitled to recover attorney's fees even had he prevailed on his Motion to Remand.

## IV. Conclusion

For the reasons explained, subject matter jurisdiction exists in this matter based on diversity of citizenship and the amount in controversy, and removal was proper. Further, Plaintiff is not entitled to recover attorney's fees. Accordingly, the court **denies** Plaintiff's Motion to Remand (Doc. 3) and related request for attorney's fees.

**It is so ordered** this 31st day of July, 2018.

_____
Sam A. Lindsay
United States District Judge